UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JASON L. STUBBS,
    Plaintiff,

vs

OHIO DEPARTMENT OF
REHABILITATION &
CORRECTIONS, *et al.*,
    Defendants.

Case No. 1:17-cv-813

Dlott, J.
Bowman, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff, an inmate at the Warren Correctional Institution, brings this civil rights action under 42 U.S.C. § 1983 against defendants Ohio Department of Rehabilitation and Corrections (ORDC) and Chae Harris, Warden. (*See* Doc. 1).

By separate order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is now before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**Screening of Plaintiff's Complaint**

**A.    Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see*

*also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B.     Allegations in the Complaint**

Plaintiff alleges that, on August 28, 2017, he "was deliberately denied [his] civil rights to a Sec Code of 95120.914) by [his] Warden Mr. Chae Harris." (Doc. 1, at PageID 5). Plaintiff further asserts that he wrote Harris a letter and, on October 23, 2017, at 10:30 a.m. Correctional Officer Rook "escorted [plaintiff] to a little small office of confinement for a one on two meeting with . . . Harris and Sarwars . . . in regards to [plaintiff's] denied (PC) [protective custody]." [1] (Doc. 5, at PageID 5). According to plaintiff, after he explained to Harris and Sarwars that plaintiff's life was in danger from inmate Ivan Scarville, who had broken plaintiff's jaw in four places in 2012, Harris told plaintiff to "get [his] punk butt out of [Harris's] office." (Doc. 1, at PageID 5).

Plaintiff also claims that he is being denied pain medication by dental, mental health, and medical staff because the "staff is leavin[g] everything up to Mr. Chae Harris, to be the

---

[1] Neither Correctional Officer Rook nor Mr. Sarwars are named as defendants in this action.

provider." (Doc. 1, at PageID 6). Plaintiff asserts that he "need[s] medicine, or a[n] outside trip to the hospital." (Doc. 1, at PageID 6). Plaintiff claims that he is "experiencing, a lot of off balance, with [his] jaw when [he] eat[s] [his] food, and a lot of numbness, and sharpness of pains." (Doc. 6, at PageID 6). Further, he claims that he is afraid to leave his cell on account of inmate Scarville "being anywhere." (Doc. 1, at PageID 6).

For relief, plaintiff seeks monetary damages and "to have a fair opportunity to be with my relatives in society in this lifetime." (Doc. 1, at PageID 7).

**C.    Analysis of the Complaint**

Under relevant screening standards, plaintiff's complaint should be dismissed with prejudice in its entirety. First, the ORDC is not a "person" within the meaning of 42 U.S.C. § 1983. The ORDC is a state entity entitled to sovereign immunity under the Eleventh Amendment to the Constitution of the United States. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *Foulks v. Ohio Dep't of Rehab. & Corr.*, 713 F.2d 1229, 1232 (6th Cir. 1983).

Plaintiff's claims against Harris in his official capacity must be dismissed to the extent that plaintiff seeks monetary damages. An action against a state official in his or her official capacity is the equivalent of an action against the State he or she represents. *Hafer v. Milo*, 502 U.S. 21, 25 (1991); *Will*, 491 U.S. at 70-71. Therefore, Harris in his official capacity is immune from suit to the extent that plaintiff seeks monetary damages.

Plaintiff's claims should also be dismissed against Harris to the extent plaintiff seeks to sue Harris under a *respondeat superior* theory. It is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *See, e.g.*, *Wingo v. Tennessee Dep't of Corr.,* 499 F. App'x 453, 455 (6th Cir. 2012) (citing *Polk Cty.*

*v. Dodson,* 454 U.S. 312, 325 (1981)). "In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)); *see also Colvin v. Caruso,* 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 803 (6th Cir. 2009)) (to succeed on claim against supervisory state prison officials, the plaintiff must show the officials "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers"). Therefore, plaintiff's claims should be dismissed against Harris to the extent plaintiff seeks to hold Harris liable under a *respondeat superior* theory.

Further, although plaintiff does not identify any specific constitutional right or amendment, his claims against Harris appear to invoke the Eighth Amendment as a basis for relief. To state an Eighth Amendment claim against a prison official based on the official's failure to protect him from an attack, plaintiff must allege facts showing that the individuals' conduct amounted to "deliberate indifference" to a known risk of harm to plaintiff. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). A prison official may be held liable for his failure to protect inmates from attacks only if he knows that an inmate faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847. Plaintiff's complaint fails to allege any facts showing that Harris was aware of a threat to plaintiff's safety, yet failed to take reasonable actions to prevent the assault. Plaintiff alleges an instance in 2012 of being attacked by inmate Ivan Scarville,[2] but his allegations do not show that a future attack is

---

[2]The undersigned notes that plaintiff has filed another complaint in this Court arising out of Scarville's alleged attack against plaintiff. *See Stubbs v. Bryant, et al.*, No. 17-721 (S.D. Ohio). In that case, the undersigned

likely. Plaintiff has not alleged any facts to suggest that he has or is likely to come into contact with Scarville following the 2012 incident. Plaintiff's statements that he is fearful to run into Scarville "anywhere" and that inmate Scarville "is wanting to put [him] in the hospital again" are made without any elaboration and are insufficient to show a future attack is likely. *See Iqbal,* 556 U.S. at 678; *Twombly*, 550 U.S. at 555, 557. *See also Baze v. Rees*, 553 U.S. 35, 49-50 (2008) ("To establish that such exposure violates the Eighth Amendment, however, the conditions presenting the risk must be '*sure or very likely* to cause serious illness and needless suffering,' and give rise to 'sufficiently *imminent* dangers.'") (quoting *Helling v. McKinney*, 509 U.S. 25, 33, 34-35 (1993) (emphasis in original)). As such, plaintiff has failed to state an Eighth Amendment failure-to-protect claim against Harris.

Plaintiff also appears to assert a claim against Harris for failure to provide him with adequate dental, mental health, and medical care. To state a claim for deliberate indifference to medical needs under the Eighth Amendment, a prisoner must show that he has a serious medical condition and that the defendant displayed a deliberate indifference to his health. *Farmer*, 511 U.S. at 839; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To be liable under the Eighth Amendment, the official must know of and disregard an excessive risk to inmate health or safety, must be aware of facts from which he could conclude that a substantial risk exists, and must actually draw that conclusion. *Farmer*, 511 U.S. at 844. A complaint that a prison doctor or official has been negligent with respect to medical diagnosis or treatment does not state a valid claim under the Eighth Amendment. *Estelle*, 429 U.S. at 106; *Brooks v. Celeste*, 39 F.3d 125,

---

has recommended that this Court permit plaintiff's failure-to-protect claim against the correctional official alleged to have been involved immediately before the attack to go forward at this juncture. *See Stubbs*, No. 17-721 (Doc. 10). In Case No.17-721, plaintiff spells Scarville's first name "Ivon." In this case, No. 17-813, plaintiff spells it "Ivan." (*See* Doc. 1, at PageID 5). Aside from the inconsistency in the spelling of Scarville's first name, both cases seem to refer to the same incident wherein Scarville allegedly broke plaintiff's jaw.

127 (6th Cir. 1994). The allegations in the complaint fail to show that Harris acted with deliberate indifference to any serious medical need of plaintiff's. In fact, plaintiff has failed to allege facts showing that Harris had any involvement in plaintiff's dental, mental health, or medical care. As such, plaintiff has failed to state an Eighth Amendment deliberate-indifference claim against Harris.

To the extent that plaintiff may be attempting to allege an Eighth Amendment claim against Harris for using derogatory language in allegedly telling plaintiff to "get [his] punk butt out of [Harris's] office" (Doc. 1, at PageID 5), "derogatory language" and "insult[s]" are insufficient to support an Eighth Amendment claim. *Ivy v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987).

Finally, to the extent that plaintiff requests "to have a fair opportunity to be with [his] relatives in society in this lifetime," (Doc. 1, at PageID 7), a request for an inmate's immediate release is ordinarily inappropriate in an action challenging conditions of confinement under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (a prisoner who seeks immediate release must pursue a writ of habeas corpus).

Accordingly, in sum, the complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because plaintiff has failed to state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The plaintiff's complaint (Doc. 1) be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing

reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

>*s/ Stephanie K. Bowman*
>Stephanie K. Bowman
>United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JASON L. STUBBS,<br>    Plaintiff, | Case No. 1:17-cv-813 |
| vs | Dlott, J.<br>Bowman, M.J. |
| OHIO DEPARTMENT OF<br>REHABILITATION &<br>CORRECTIONS, *et al.*,<br>    Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).